**Kimberly K. THOMAS, Plaintiff— Appellant,**

v.

**Paul S. HURLEY, in his individual capacity; David Spanski, in his individual capacity, Defendants—Appellees.**

No. 01–17184.

D.C. No. CV–01–00134–SOM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Nov. 21, 2002.

Before SCHROEDER, Chief Judge, ALARCON and FISHER, Circuit Judges.

MEMORANDUM *

Thomas appeals the district court's grant of summary judgment in favor of Defendants–Appellees Hurley and Spanski. Thomas argues that the district court erred in holding that the revocation of his Kauai County license to sell firearms did not deprive him of property or liberty without due process of law, and in holding that Hurley and Spanski were entitled to qualified immunity. Under *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), we first determine whether the plaintiff's allegations, if true, establish the violation of a constitutional right. *Id.* at 201, 121 S.Ct. 2151. If they do not, the inquiry ends. *Id.* If they do, we must then decide whether the right is clearly established. *Id.* At oral argument before this court, Hurley and Spanski argued that they were entitled to qualified immunity even assuming Thomas might have been able to acquire a protected property or liberty interest in his license to sell firearms. We agree that Hurley and Spanski are entitled to qualified immunity.

We assume for purposes of our analysis that the lawful possession of a license to sell guns carries with it a clearly established right to notice and hearing before the license is revoked, assuming there are no overriding exigent circumstances— which are not argued for here. The question then is whether it was clearly established that, under the facts presented here, Thomas had lawful possession of the county gun license sufficient to trigger the right to a predeprivation revocation hearing.

Thomas argues that the judicially sanctioned settlements in the *Martins* and the *Freitas* cases created binding contracts between him and the county and put Hurley and Spanski on notice that Thomas' county firearms license could not be revoked notwithstanding Haw.Rev.Stat. § 134–7. We conclude it was not clearly established that Thomas had lawful possession of the license such that it could only have been revoked following a hearing. Hurley and Spanski could reasonably have understood § 134–7 and the Hawaii Attorney Gener-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

al's opinion as meaning that *regardless of the settlement agreements*, Thomas' 1973 conviction made him ineligible in the first instance for a license to sell guns and thus precluded him from acquiring or maintaining any *lawful* property or liberty interest in the license. In light of this reasonable interpretation of the statute and the Attorney General's opinion, Hurley's and Spanski's conduct did not violate clearly established rights of which a reasonable official would have known. Therefore, Hurley and Spanski are entitled to qualified immunity.[1]

AFFIRMED.

---

**1.** Thomas also argues that the district court erred in holding that Hurley and Spanski were not liable for the Bureau of Alcohol, Tobacco and Firearms' denial of Thomas' application for a federal license to sell firearms. Hurley and Spanski testified at an ATF hearing on the denial of the federal license that Thomas' county license to sell firearms would be revoked because Thomas was ineligible to possess such a license under Haw.Rev.Stat. § 134–7. The opinion they expressed at the hearing is the same opinion they relied on in revoking Thomas' county license and they were similarly entitled to qualified immunity in so testifying.

